J. S71037/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,    :    IN THE SUPERIOR COURT OF
:           PENNSYLVANIA
           Appellee    :
:
           v.    :
:
:
RONALD HARVEY DOTSON,    :
:
           Appellant    :    No. 992 MDA 2014

Appeal from the Order May 22, 2014
In the Court of Common Pleas of Lycoming County
Criminal Division No(s).: CP-41-CR-0000373-2012

BEFORE: FORD ELLIOTT, P.J.E., PANELLA, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:    **FILED DECEMBER 12, 2014**

Appellant, Ronald Harvey Dotson, appeals from the order entered in the Lycoming County Court of Common Pleas modifying his Intermediate Punishment ("IP") sentence based on two curfew violations of his house arrest.[1]  Appellant's counsel, Kirsten A. Gardner, Esq. ("Counsel"), of the Lycoming County Public Defender's Office, has filed with this Court a petition

---

[*] Former Justice specially assigned to the Superior Court.

[1] The trial court did not revoke Appellant's IP, but ordered him to serve the remainder of electronic monitoring/house arrest term in prison.  ***See*** 42 Pa.C.S. §§ 9773(a) (providing court may at any time increase or decrease conditions of county intermediate punishment), 9773(c) (stating court shall not revoke **or** increase conditions of county intermediate punishment without hearing at which court shall consider initial sentencing proceeding and defendant's conduct while serving county intermediate punishment).

to withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).[2] We grant Counsel's petition and affirm the order.

On July 31, 2012, Appellant pleaded guilty to driving while operating privilege is suspended or revoked ("DUS") and two counts of driving under the influence ("DUI").[3] On March 6, 2014,[4] the trial court imposed sentence as follows: (1) for DUI, five years' Intermediate Punishment, with six months to be served on electronic monitoring at home and eligibility for work release or work crew; and (2) for DUS, a consecutive ninety days' incarceration in the Lycoming County Prison, all of which may be served on the electronic monitoring.

Approximately two-and-a-half months later, on May 22, 2014, the court convened a hearing at which a probation officer ("PO") alleged that Appellant twice violated the curfew conditions of his in-home electronic monitoring by leaving his house. The PO also averred that while detaining Appellant, Appellant admitting to using heroin, but the PO did not administer a urine test. The parties then agreed to the following: the PO withdrew the allegation of heroin use, Appellant admitted the curfew violations, and

---

[2] In *lieu* of an appellee's brief, the Commonwealth has filed a letter indicating it is relying on the trial court opinion.

[3] 75 Pa.C.S. §§ 1543(b)(1), 3802(a)(1), (b).

[4] The record reveals a series of continuances resulting in the one year and seven month lapse until sentencing.

Appellant would serve the remainder of his "time at the pre-release facility" at the Lycoming County Prison. The court did not revoke Appellant's IP, but ordered that he serve the remainder of his electronic monitoring term at the county prison's pre-release center, with work release. The court ordered, "So in essence you got 9 months, but you got credit for all the time you spent on in-home detention[ and in prison.]" N.T., 5/22/14, at 3. Appellant stated that he agreed and understood, and the hearing concluded without any objection from Appellant. *Id.* at 3-4.

Appellant did not file a post-sentence motion, but took this timely appeal and complied with the court's order to file a Pa.R.A.P. 1925(b) statement.

We first consider Counsel's petition to withdraw from representation. ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). This Court has summarized,

> Counsel must: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id.* (citation omitted). Additionally,

> in the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set

> forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* (quoting *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009)).

In the instant matter, Counsel's petition to withdraw states she "has made a conscientious examination of the record and believes the appeal is frivolous," informed Appellant of her intention to withdraw and his "need . . . to obtain new counsel or proceed *pro se*," and provided him with a copy of her petition to withdraw and brief. Counsel's Pet. for Permission to Withdraw as Counsel, 8/26/14. Counsel has also attached a copy of a letter to Appellant, stating the same.

In her brief, Counsel presents one issue: whether the court abused its discretion in imposing a manifestly excessive sentence. Counsel advances Appellant's claim that the court failed to consider "that this was his first violation since his release date of April 24, 2014, and therefore [the court's] modification of sentence was unduly harsh and manifestly excessive." *Anders* Brief at 10. Counsel cites relevant decisional authority on the abuse of discretion standard for reviewing a sentence and concludes this issue is frivolous. Counsel recounts that at the hearing, Appellant admitted the curfew violations of his house arrest and stated his agreement with the PO's proposal that he serve the remainder of his house-arrest term in prison. Counsel also reasons that the sentence modification was within the

sentencing guideline range, did not affect the length of the sentence, and "merely changed the place of confinement from house arrest to incarceration at the pre-release center." *Id.* at 11.

We hold Counsel has complied with the requirements of *Santiago*. *See Cartrette*, 83 A.3d at 1032. We thus independently consider Appellant's sentencing claim.

"The right to appeal the discretionary aspects of a sentence is not absolute." *Commonwealth v. Shugars*, 895 A.2d 1270, 1274 (Pa. Super. 2006). "[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Id.* (citation omitted).

Here, the trial court reasoned that Appellant has waived any challenge to the discretionary aspects of his sentence by failing to object at sentencing or in a post-sentence motion. Our review of the sentencing transcript and the record confirms that Appellant did not object. Accordingly, we agree this issue is waived from our review. *See id.*

Finding no relief due on Appellant's sentencing issue, we grant Counsel's petition to withdraw and affirm the order modifying Appellant's IP sentence.

Counsel's petition to withdraw granted. Order affirmed.

J. S71037/14

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/12/2014</u>